IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Jason Bolden, | ) | Case No. 9:18-cv-03473-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Rex Blocker and Anne Elizabeth Cuccio, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendants' motion to dismiss or, in the alternative, for summary judgment.[1] ECF No. 35. Plaintiff filed a response in opposition. ECF No. 38. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On October 15, 2019, the Magistrate Judge issued a Report recommending that Defendants' motion be granted because Plaintiff failed to exhaust his administrative remedies. ECF No. 40. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections. ECF Nos. 42.

---

[1] The Magistrate Judge considered the motion as a motion for summary judgment. The Court will do the same.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **DISCUSSION**

Plaintiff brings the present *Bivens*[2] action alleging Defendants failed to provide him with proper medications for his chronic pain and mental impairments. As stated above, the Magistrate Judge recommends that summary judgment be granted because Plaintiff failed to exhaust his administrative remedies. Plaintiff objects and argues that he could not comply with the exhaustion requirements because he has been taken off several

---

[2] Federal inmates may bring actions alleging violations of civil rights pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

medications. ECF No. 42. The Court has reviewed the record, the applicable law, and the Report de novo.

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that prisoners exhaust their administrative remedies prior to filing civil actions concerning prison conditions under Section 1983 or any other federal law. *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). "[T]he PLRA's exhaustion requirement is mandatory," *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

The PLRA requires "proper exhaustion" of available administrative remedies prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006). As the Supreme Court noted, "[a]ggrieved parties may prefer not to exhaust administrative remedies for a variety of reasons," whether it be concerns about efficiency or "bad faith." *Id.* at 89-90. This is especially true in a prison context. *Id*. at 90 n.1. Nevertheless, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

"[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*,

3

517 F.3d 717, 725 (4th Cir. 2008). Thus, an administrative remedy is considered unavailable when: (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016).

The Magistrate Judge summarizes the Bureau of Prisons grievance procedure as follows,

> The evidence shows, and this Court can also take judicial notice from other cases filed in this Court, that the Federal Bureau of Prisons has a tiered administrative grievance process which consists of the inmate initially informally attempting to resolve the complaint at the institutional level (BP-8), then filing an administrative remedy with the Warden of the institution (BP-9), then filing an appeal of any adverse decision to the Regional Director (BP-10), and finally (if still dissatisfied) by appealing the Regional response to the Central Office. *See Defendants Exhibit* (Court Docket No. 32-9); 28 C.F.R. § 542.10, *et. seq.*; *see also Aloe Crème Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) [a federal court may take judicial notice of the contents of its own records]. The appeal to the Central Office is the final level of agency review.

ECF No. 40 at 6 n. 7.

Defendants have submitted a declaration from Amy Williams, a legal assistant at FCI Edgefield, attesting to Plaintiff's grievance history, and copies of Plaintiff's grievance records. ECF Nos. 32-8; 32-9. The Court has thoroughly reviewed all the provided grievances. Williams avers that Plaintiff filed an Informal Resolution with the Unit Team

4

on or around September 22, 2017, and then filed a Request for Administrative Remedy with the Warden on October 19, 2017, in which he requested that he be restarted on testosterone replacement therapy, Wellbutrin, and Vistaril. ECF No. 32-8 at 2, 5. Plaintiff received a response on November 27, 2017, summarizing the medication regiment that had been approved for him and informing him that he could submit an appeal to the Regional Director's office within 20 calendar days if he was unsatisfied with the Warden's response. *Id.* at 10. Williams states that Plaintiff failed to file an appeal to either the Regional or Central office level. *Id*. at 2. Thus, Plaintiff has failed to exhaust his administrative remedies with respect to this claim.

Plaintiff filed another Request for Administrative Remedy on January 3, 2019 (dated December 20, 2018), requesting mental health medications. However, Plaintiff filed this lawsuit on December 17, 2018. *See Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005) (holding that a prisoner may not file a lawsuit before exhausting his administrative remedies). Accordingly, this claim is not properly before the Court.

In his Complaint and his objections, Plaintiff references an Informal Resolution Form that he contends was filed with Correctional Counselor Brunson on August 29, 2018, but that he did not receive a response until October 4, 2018. ECF Nos. 1 at 4; 42 at 2–3. He states that he "restarted" the administrative remedy process by submitting a new informal request for to Correctional Counselor Martin on December 6, 2018.

As previously stated, Plaintiff filed this Complaint on December 17, 2018 (dated December 11, 2018), and filed his Request for Administrative Remedy with the Warden on January 3, 2019. The Court agrees with the Magistrate Judge that Plaintiff has failed

5

to establish that he was obstructed from pursuing his administrative remedies such that he should be allowed to proceed with his claim at this time.[3]

In his objections, Plaintiff contends that he was unable to completely exhaust his administrative remedies because he was being denied mental health medications.[4] This objection is overruled. See *Yorkey v. Pettiford*, No. 8:07-1037-HMH-BHH, 2007 WL 2750068, at *4 (D.S.C. Sept. 20, 2007), *aff'd,* 271 F. App'x 337 (4th Cir. 2008) ("As to the plaintiff's assertion that he should be excused from compliance with the administrative exhaustion because he suffers from a mental illness, the majority opinion in *Woodford v. Ngo,* [548 U.S. 81] (2006), appears to have foreclosed that argument. Further, the Supreme Court has stated: '[W]e stress the point . . . that we will not read futility or other exceptions into [PLRA's] statutory exhaustion requirements.' *Booth v. Churner,* 532 U.S. 731, 741 n. 6 (2001).").

---

[3] Plaintiff alleges in his Complaint that the Defendants did not provide him with his required medications in August and September 2017, and January and March 2018, respectively. ECF No. 1 at 11, 13–14, 16. Thus, even accepting as true the allegation in the Complaint that Plaintiff submitted an informal resolution on August 28, 2018 (to which Plaintiff further alleges he did not receive a response from his Counselor until October 4, 2018), 28 C.F.R. § 542.14 requires that the administrative remedy request must be submitted no later than 20 calendar days following the date on which the basis for the request occurred. Accordingly, this purported "informal" remedy attempt Plaintiff cites from August 2018 was either filed substantially out of time (if it refers to the January or March 2018 alleged denial of care), or refers to an incident that was not alleged in the Complaint. *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) ("It is beyond the power of this court —or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.")(quoting *Beeson v. Fishkill Corr. Facility*, 28 F. Supp. 2d 884, 894–95 (S.D.N.Y. 1998))).

[4] As previously noted, Plaintiff raised denial of mental health medications for the first time in his grievance filed on January 3, 2019. ECF No. 32-8 at 2, 8.

## CONCLUSION

Based on the foregoing, Defendants' motion for summary judgment [32] is **GRANTED** and this action is **DISMISSED without prejudice**.[5] Plaintiff's motion to redact [35] is **FOUND as MOOT**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 27, 2020
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[5] As this recommendation for dismissal is based on failure to exhaust, the dismissal of this case should be without prejudice. *Cf. Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989); *see also Armstrong v. Scribner*, 350 F. App'x 186, 2009 WL 3497769 at * 1 (9th Cir. Oct. 30, 2009).